**Rafael Sakratovich ARUTIUNIAN; Karina Sergeyevna Arutiunian, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75904.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 2006.

Filed Oct. 17, 2006.

Vitaly B. Sigal, Los Angeles, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, Lisa M. Arnold, Attorney, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, KLEINFELD and BEA, Circuit Judges.

MEMORANDUM *

Petitioners Rafael Sakratovich Arutiunian and his wife, Karina Sergeyevna Arutiunian, petition for review of the Board of Immigration Appeals' ("BIA") summary affirmance, without opinion, of the immigration judge's ("IJ") order removing them to Uzbekistan. The principal issue is whether substantial evidence supports the IJ's finding that Mr. Arutiunian did not suffer past persecution on account of his Armenian ethnicity. The IJ made a finding that the petitioner was credible. Mr. Arutiunian testified that he was arrested, imprisoned, raped, beaten, and tortured as a result of his ethnicity in a country where Armenians are a persecuted minority. While the IJ held all these experiences did not rise to the level of past persecution, we have held that such forms of physical violence amount to persecution. *Chand v. INS*, 222 F.3d 1066, 1073–74 (9th Cir.2000). Even though no single such incident may rise to the level of persecution, the cumulative effect of similar harms and abuses support granting asylum. *See Korablina v. INS*, 158 F.3d 1038, 1044 (9th Cir.1998). The undisputed credible evidence here compels a finding that Mr. Arutiunian suffered past persecution. *See Ali v. Ashcroft*, 394 F.3d 780, 784 (9th Cir.2005).

The IJ also concluded that Mr. Arutiunian had not established that the mistreatment was on account of a protected ground. Petitioner's credible testimony was, however, that he was arrested, jailed, beaten, and raped on account of his Armenian ethnicity. The purported reason for his arrest was illegal dealing in foreign currency, which he credibly testified that he had not done. His claim that he was singled out for arrest and abuse on account of his ethnicity is fur-

ther buttressed by the evidence that he was subsequently beaten at a rally supporting minority rights, and that his father, who accompanied him to the rally died of his injuries. All of the beatings, both in jail and subsequently, were accompanied by epithets impugning his Armenian ethnicity. The evidence compels the finding that the persecution was on account of his Armenian ethnicity. Mr. Arutiunian therefore is entitled to the presumption of a well-founded fear of future persecution.

■ The IJ's order concluded that the government overcame the statutory presumption on the basis of his making a single trip to Uzbekistan in July 2004 for medical treatment. We have held, however, that multiple trips back to Mexico for purposes of obtaining medication did not rebut the presumption of well-founded fear of persecution on the basis of past persecution. *Boer–Sedano v. Gonzales*, 418 F.3d 1082, 1091–92 (9th Cir.2005). Petitioner's single visit of several months for the purposes of medical treatment to a different city than that where he was known, does not establish a fundamental change in country conditions. *Id.*

Petitioner established eligibility for asylum and also satisfied the burden to qualify for withholding of removal. We therefore grant his petition for review. Because petitioner's wife is derivatively eligible for similar relief, her petition for review must be granted also.

The petitioners also attempt to assert a claim under the Convention Against Torture, but they did not raise it before the BIA and we lack jurisdiction to consider it.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.2004).

The petitions for review are GRANTED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.